IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                                 )
     V.                  )     DEF. I.D.: 1708010942
                                 )
JERMAINE CARTER,     )
                                 )
     Defendant.     )

**ORDER**

This 3rd day of October, 2022 the Court hereby finds:

Jermaine Carter was convicted after a bench trial of assault in a detention facility, in violation of 11 Del. C. § 1254(c), which prohibits inmates from "intentionally or recklessly strik[ing] with urine, feces or other bodily fluid." The testimony consisted of a correctional officer assigned to Mr. Carter's food deliver who explained that when she opened a door to give him food, he tossed a container with a mixture of both urine and feces on her, said concoction staining her uniform, duly photographed for posterity, and evidentiary purposes. Defendant was convicted and sentenced.

Mr. Carter filed an appeal to the Delaware Supreme Court, which affirmed his conviction on January 20, 2021.[1] For Rule 61 purposes, that was the date on which

---

[1] *Carter v, State*, Appeal no. 52, 2020.

1

the conviction became "final."[2]  He had one year within which to file the instant Rule 61 motion.[3]  This motion was filed on September 19, 2022.  It is 9 months late and therefore untimely.  The Court will not consider it.

But even if the Court were to consider it, Mr. Carter says there was insufficient "evidence" because there was no proof it was his urine or feces.  While that flies in the face of the evidence – he had smeared feces over the walls and floors of his single cell and the CO testified that he threw it at her – the statute does not require that it be his, personal feces or urine.  He could have been convicted had he thrown somebody else's feces or urine.  Thus, the claim is utterly without merit.

Defendant's Motion for Postconviction Relief is hereby **DENIED**.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge

---

[2] Rule 61 (m).

[3] Rule 61 (i)(1).